Ruffin, C. J.
 

 Whether the memoranda, which were delivered and accepted instead of the declaration and pleas, conformed. to the practice or not, the court does not undertake to determine. If there be any practice upon the point, it is a practice, not established by the court, but by the attorneys, and it is entirely between them. The court takes nothing for a declaration but a declaration; and takes no notice of any practice to the contrary, farther than that the knowledge of such an understanding between the parties or their attorneys, in a particular case, may furnish an inducement to the court, in which the suit pended, to be very liberal in allowing the attorney of the successful party to make up the record, after the trial, in respect to the pleadings as well as other matters, so as to effectuate the justice of the case, as it appeared in truth to be on the trial. If the defendant’s attorney was not satisfied with the memorandum, as a declaration, he had nothing to do but to require a declaration. But, declining to do that, he insisted that the court should determine, whether the
 
 in-cipitur^
 
 as such, was good, according to the understanding between the attorneys themselves, which was a thing with which the court had nothing to do, and, legally, could have nothing to say.
 

 Still less can this court act upon any such ground. As ail appellate tribunal, our view of the pleadings is restricted to
 
 *380
 
 the record as made up. According to the transcript sent here, the plaintiff did file a declaration, with a proper
 
 colloquium
 
 touching a judicial proceeding before a justice of the pease, upon a warrant between the present parties, and the examination of the plaintiff as a witness upon the trial thereof under the book debt act, with
 
 inuendoes,
 
 pointing the words of the defendant to the plaintiff, and an averment that he intended thereby to charge the plaintiff with having committed the crime of perjury on his examination. To the declaration in the record, the defendant’s counsel here takes no exception ; and, indeed, he admits that none can be taken. Therefore, as it appears to this court, every thing was regular from the beginning; and there was no ground in fact for the objection taken in the Superior Court for the defendant. Consequently, the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.